IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Plaintiff, | § § § § | |
| v. | § § § | CIVIL ACTION NO. _____ |
| FIFTH WARD ENRICHMENT PROGRAM, INC. Defendant. | § § § § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981 *et seq.* to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Nicole Porter who was adversely affected by such practices.  As alleged herein, the Defendant, Fifth Ward Enrichment Program, Inc.("Fifth Ward") unlawfully refused to hire Nicole Porter("Charging Party" or "Porter") because of her gender in violation of Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

3.      Venue is proper in this Court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United

States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1)(3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5. Defendant Fifth Ward has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees. Fifth Ward may be served with process by serving its registered agent in Texas, Charles Savage, 4014 Market Street, Suite 105, Houston, Texas 77020.

6. At all relevant times, Defendant Fifth Ward has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e(b), (g) and (h).

7. At all relevant times, Defendant Fifth Ward has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Niclole Porter filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Fifth Ward. . All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least 2008, Fifth Ward has engaged in unlawful employment practices in Houston, Texas, in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964.

10. In August 2008, Charging Party saw an on-line advertisement for a Program Manager position with Fifth Ward. The Program Manager was to be responsible for supervision of the site coordinators and support-staff and the coordination and oversight of the daily operations of Fifth Ward's project sites. The advertisement limited the position to adult males. Additionally, among the qualifications listed in its job description for the Program Manager was the requirement of Adult Male.

11. Charging Party contacted Fifth Ward's Executive Director by email. She advised him she believed that Fifth Ward's job posting was discriminatory against women and that she was highly qualified for the position. In response, the Executive Director stated that the position needed a "qualified male who must be able to move in surroundings not usually frequented by females, regardless of their abilities or titles" because it had a "male-initiative" program.

12. Charging Party reiterated that limiting candidates for this position to males was illegal sex discrimination. She further advised him that she was acquainted with Fifth Ward's program and that women could supervise men.

13. Fifth Ward's requirement that the position of Program Manager be strictly limited to males had the effect and purpose of deterring qualified females from applying for and obtaining employment with Fifth Ward as a Program Manager. Gender, male, is not a bona fide occupational qualification for supervisory/ and or managerial jobs at Fifth

Ward. Charging Party was deterred from applying for the position of Program Manager because Fifth Ward had made it clear that she would not be considered for the position because of her gender.

14. The effect of the practices complained of herein has been to deprive Ms. Porter of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

15. The conduct described in the paragraphs above was intentional and was committed with malice or with willful disregard for the federally protected civil rights of Ms. Porter.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

16. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of gender;

17. Order Defendant to institute and carry out policies, practices and procedures which provide equal employment opportunities for women and which eradicates the effects of its unlawful employment practices;

18. Order Defendant to make Ms. Porter whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices she was subjected to;

19. Order Defendant to make Ms. Porter whole by providing compensation for

past and future pecuniary losses resulting form the unlawful employment practices described herein, including, but not limited to, job search expenses, relocation expenses, in amounts to be determined at trial;

20. Order instatement of Ms. Porter into the same or a comparable position, or award her front pay in the amounts to be proved at trial, if instatement is impractical;

21. Award compensatory damages to Ms. Porter in amounts to be proved at trial;

22. Award punitive damages to Ms. Porter in amounts to be proved at trial;

23. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

24. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

25. Award the Commission its costs in this action; and

26. Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

27. The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


By: /s/*Kathy D. Boutchee*
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 7th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov


ATTORNEYS FOR PLAINTIFF


<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402